Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
(310) 388-5624 Fax
e-mail: Larry@ZernerLaw.com

Attorneys for Plaintiff
John G. Zimmerman Archive Trust

JONATHAN GOTTLIEB (SBN 194432)
JANENE P. BASSETT (SBN 197722)
**FOX GROUP LEGAL**
P.O. Box 900
Beverly Hills, CA 90213-0900
Telephone:  (310) 369-3271
Facsimile:  (310) 969-0144
e-mail: jonathan.gottlieb@fox.com
        janene.bassett@fox.com

Attorneys for Defendant
TWENTIETH CENTURY FOX
HOME ENTERTAINMENT LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN G. ZIMMERMAN ARCHIVE TRUST<br><br>Plaintiff,<br><br>vs.<br><br>TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC, and DOES 1-20, Inclusive,<br><br>Defendants | Case No. CV 12-09944 PSG (PLAx)<br><br>STIPULATED PROTECTIVE ORDER |

Plaintiff John G. Zimmerman Archive Trust ("Plaintiff") and Defendant Twentieth Century Fox Home Entertainment LLC ("Defendant") hereby submit the following [Proposed] Stipulated Protective Order ("Protective Order").

1.     PURPOSES AND LIMITATIONS

1.1.    Plaintiff sued Defendant for copyright infringement of a photograph of the Mary Tyler Moore cast.  Plaintiff contends that its predecessor-in-interest took the photograph that is the subject of the copyright claim and that the photograph was used on the back cover of packaging for the DVD of the 5th season of the program.  Plaintiff has requested certain financial information of Defendant, including revenues, units sold, expenses, etc.  Such information is confidential, proprietary business information and/or trade secrets.  To the extent that customer information, vendor information, and sales information is produced in the litigation, such information also is confidential, proprietary business information and/or trade secrets.  Defendant has taken significant steps to protect its confidential and sensitive business information.   Public dissemination or disclosure to a competitor of Defendant's financial information could severely damage Defendant and place it at a competitive disadvantage.  In addition, to the extent that communications with third parties containing private contact information or other non-public information, such information is confidential and proprietary.  Moreover, public disclosure of private third party information could harm third parties.

1.2.    Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles as described above.

2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as described in Paragraph 1.1.

2.3    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staffs).

2.8    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9    Professional Vendors:  persons or entities that provide litigation

support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Protected Material does not include (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

2.11   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>DURATION</u>

The confidentiality obligations imposed by this Order shall remain in effect until commencement of trial.  Once this case proceeds to trial, the rights and obligations of this Protective Order no longer apply.  If a Party seeks to have Protected Material remain confidential at trial, good cause must be shown to the district judge in advance of the trial.

4.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards as noted in Paragraph 2.2. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2      Challenge Disputes.  Resolution of any disputes concerning challenges shall comply with procedures set forth in Local Rules 37-1 through 37-4.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Protected Material must be

stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's counsel in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.  Any disputes concerning the production of any such Non-Party information shall be resolved by the dispute resolution process set forth in Local Rule 37-1 to 37-4.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12.    MISCELLANEOUS

12.1.  <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  <u>Filing Protected Material</u>. The parties acknowledge that this Protective Order does not entitle them to file Protected Material under seal.  A Party that seeks to file under seal any Protected Material must comply with the procedures set forth in Local Rule 79-5.1, and any such written application for filing under seal must show good cause for the under seal filing.  If the Party seeking to file such Protected Material is not the Designating Party of that Protected Material, then (1) the Party seeking to file such Protected Material shall give at least one week's notice to the Designating Party of the intent to file such Protected Material and (2) then, the Designating Party shall be responsible for preparing such application for the Designating Party's Protected Material.

13.  <u>GOOD CAUSE STATEMENT</u>

Good cause exists for the entry of this Protective Order because it seeks to protect from public disclosure through the commencement of trial such confidential, proprietary business information and/or trade secrets of the Parties and private and confidential information of third parties, as identified in detail in Paragraph 1.1.  As described in Paragraph 1.1, public disclosure of such information would harm the Designating Party or third parties.  This Protective Order is narrowly tailored to protect such information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 10, 2013    LAW OFFICES OF LARRY ZERNER

By: /s/Larry Zerner
Larry Zerner
Attorney for Plaintiff
John G. Zimmerman Archive Trust

DATED: September 10, 2013         FOX GROUP LEGAL

By: /s/Janene Bassett
Jonathan Gottlieb
Janene Bassett
Attorneys for Defendant
Twentieth Century Fox Home
Entertainment LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   September 30, 2013

_____
Paul L. Abrams
UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order

EXHIBIT A - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on August __, 2013 in the case of *John G. Zimmerman Archive Trust v. Twentieth*

*Century Fox Home Entertainment LLC*, Case No. CV 12-09944 PSG (PLAx) (C.D.

Cal., filed Nov. 20, 2012).  I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____  City and State: _____

Printed name: _____

Signature: _____

**Stipulated Protective Order**